IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TODD YOUNG, LLC, a New Mexico limited liability company; and TODD YOUNG, an individual,

     Plaintiffs,

v.

PAGE ONE, INC., a Tennessee corporation; and RIP CLAYTON, an individual,

     Defendants.

No. 3:24-cv-00436-HZ

OPINION & ORDER

Collin C. McKean
McKean Smith LLC
1140 SW 11th Ave, Ste 400
Portland, OR 97205

 Attorney for Plaintiffs

David G. Hosenpud
Harlan Mechling
Lane Powell PC
601 SW 2nd Ave, Ste 2100
Portland, OR 97204

Benjamin Tennant Presley
Starnes Davis Florie LLP
100 Brookwood Pl, 7th Floor
Birmingham, AL 35209

      Attorneys for Defendants

HERNÁNDEZ, District Judge:

Plaintiffs Todd Young ("Young") and Todd Young, LLC ("the LLC") bring claims against Defendants Page One, Inc., and Rip Clayton arising out of several service contracts between the plaintiff LLC and defendant corporation. Am. Compl., ECF 7. Defendants move to transfer this case to the Middle District of Tennessee or to dismiss it for lack of personal jurisdiction. Def. Mot. to Dismiss, ECF 8. Defendants also move to dismiss several of Plaintiffs' claims for failure to state a claim. *Id.* For the following reasons, the Court will transfer this case to the Middle District of Tennessee.

## BACKGROUND

The plaintiff LLC has at all relevant times been a limited liability company organized under the laws of the State of New Mexico and with its principal place of business in Lake Oswego, Oregon. Am. Compl. ¶ 1. Plaintiff Young has at all relevant times been the sole member-manager of the LLC. *Id.* ¶ 2. Plaintiff Young resides in Clackamas County, Oregon, and operates his business from his home. *Id.* ¶ 3.

Defendant Page One has at all relevant times been a corporation organized under the laws of the State of Tennessee. *Id.* ¶ 4. It "lawfully operates a business that provides eDiscovery and litigation support services across the United States." *Id.* Defendant Clayton has at all relevant times been the Chief Executive Officer ("CEO") of Defendant Page One. *Id.* ¶ 6.

Plaintiff Young has 30 years of experience as a marketing and business growth specialist, with almost 10 years of experience in the eDiscovery industry. *Id.* ¶ 12. From December 2022 to

November 2023, he served as Chief Marketing Advisor and Senior Marketing Officer (together, "CMO") for Defendant Page One. *Id.* Defendant Page One recruited Plaintiff Young to implement his proprietary marketing strategy and to "gain his services as a contract CMO." *Id.* ¶ 14. In November 2022, Plaintiff Young agreed to provide his services, and he showed his proprietary marketing strategy to Defendants. *Id.* ¶ 15. The plaintiff LLC and Defendants entered into a written agreement for a 120-day period in which Plaintiff Young would implement his marketing strategy in exchange for financial compensation (the "First Agreement"). *Id.* ¶ 16. "The First Agreement's term was from December 1, 2022, to March 31, 2023. It was understood and agreed that the contractual relationship had potential to transition into fulltime employment at the conclusion of the initial period." *Id.* ¶ 17.

"In March 2023, Clayton conveyed to Young that Page One was unable to financially accommodate the hiring of Young as a full-time employee, and therefore any continued relationship would necessarily need to classify Young as a contractor." *Id.* ¶ 18. "Thereafter, the parties agreed to renew the existing contractual relationship effective March 27, 2023, for an additional 120-days (the 'March Contract')." *Id.* Plaintiffs committed to provide marketing and brand strategy services in exchange for financial compensation. *Id.* ¶ 20. Plaintiffs' performance was set to run from April 1, 2023, to September 30, 2023. *Id.* The March Contract was drafted to automatically renew every six months unless Defendants gave Plaintiffs 90 days' written notice of cancellation. *Id.* ¶ 21. Plaintiffs were to receive payment of $12,000 per month on the first day of each month. *Id.* ¶ 22. Defendants did not notify Plaintiffs of cancellation 90 days before the March Contract's termination date. *Id.* ¶ 23.

During the period of the contract, Plaintiff Young "consistently exceeded the stipulated hourly obligations, . . . sometimes exceeding fifty (50) hours a week." *Id.* ¶ 24. He exceeded the

contractual obligations "based upon Defendants' representations to Young that he would receive an ownership interest in Page One." *Id.* "On March 15, 2023, Young advised Page One his efforts were exceeding the anticipated required hours of the contract." *Id.* ¶ 25. "Young was told by Page One that if he continued to work in excess of the requirements of the contract, and if he were to contribute his intellectual property, then he would receive compensation in the form of participation in the Equity Participation Program of Page One." *Id.* Plaintiffs were also told that they "would be entitled to share in proceeds arising from the acquisition of Page One." *Id.* ¶ 26. Plaintiff Young again raised concerns about the number of hours he was working in Summer 2023. *Id.* ¶ 27. He was assured by a managing partner of Defendant Page One that his additional hours worked would be rewarded with an equity interest. *Id.* ¶¶ 5, 28.

Defendant Page One "witnessed notable revenue growth and enhanced performance of its marketing department under the leadership of Young." *Id.* ¶ 29. However, Defendant Page One terminated Plaintiffs' performance obligations on or about November 10, 2023, and expressed their intention not to perform under the March Contract. *Id.* ¶ 30. "On or about November 29, 2023, Plaintiffs sent an invoice of the balance owed to Plaintiffs for additional work done in the amount of $116,145.00." *Id.* ¶ 31.

At 3:12 p.m. Central Time on February 2, 2024, Defendant Page One filed a civil complaint against Plaintiff Todd Young, LLC, in the Middle District of Tennessee. Presley Decl. ¶ 3, Ex. A, ECF 9. At 3:56 p.m. Central Time on February 2, 2024, counsel for Page One emailed Plaintiffs a copy of the complaint in the case, advised that it had been filed, and requested waiver of service. *Id.* Ex. B. The Tennessee Action seeks declaratory relief excusing Page One's performance of the parties' contract based on material breaches by the LLC, and

damages for the LLC's breach of the parties' contracts, with unjust enrichment as an alternative theory of recovery. *Id.*

Plaintiffs sued Defendants in state court in Clackamas County, Oregon, on February 2, 2024, at 3:50 p.m. Pacific Time. Notice of Removal Ex. 1, ECF 1; McKean Decl. ¶ 4, ECF 14. That is equivalent to 5:50 p.m. Central Time. Defendants removed the Oregon Action to federal court on March 8, 2024. Plaintiffs filed the Amended Complaint on March 26, 2024, pursuant to the parties' stipulation. The Amended Complaint alleges nine claims for relief: (1) breach of contract, (2) unjust enrichment, (3) breach of the covenant of good faith and fair dealing, (4) fraudulent misrepresentation, (5) negligent misrepresentation, (6) failure to pay wages at termination as required by Oregon labor laws, (7) penalty wages under Oregon labor laws, (8) filing of a fraudulent tax return under I.R.C. § 7434, and (9) attorney fees and costs under Oregon and federal statutes. Am. Compl. ¶¶ 32-62. Claims 6-9 are based on Plaintiff Young's alternative argument that he was a misclassified employee. *Id.* ¶¶ 52-62. Defendants now move to transfer or dismiss the Amended Complaint. The Court took the Motion under advisement on May 8, 2024.

## STANDARDS

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Under the first-to-file rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). This rule "should not be

disregarded lightly." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015) (internal quotations omitted).

In determining whether the first-to-file rule should apply, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Id.* at 1240. "Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties. Rather, the first-to-file rule requires only substantial similarity of parties." *Id.* (citations omitted). "The issues in both cases also need not be identical, only substantially similar." *Id.* "To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits." *Id.* at 1241.

## DISCUSSION

The Court concludes that under the first-to-file rule, this case should be transferred to the Middle District of Tennessee. The Court therefore declines to reach the other bases on which Defendants move to dismiss the Amended Complaint or transfer this case.

### I. Chronology of the Lawsuits

It is undisputed that the Tennessee Action, *Page One, Inc. v. Todd Young, LLC*, 3:24-cv-00124 (M.D. Tenn.), was filed approximately two hours and forty minutes before the Oregon Action, and about two hours after Defendants notified Plaintiffs of the Tennessee Action. Defendants argue that this factor favors applying the first-filed rule. Def. Mot. 5. Plaintiff argues that because the cases were filed only a few hours apart, the Court should decline to apply the first filed rule. Pl. Resp. 7-8, ECF 13. Plaintiff asserts that "[s]uch a difference between the two filings is superfluous and presents no meaningful distinction." *Id.* at 8. Plaintiff also states, "Prior to the initiation of either action, Todd Young communicated that Page One had violated their contract and failed to timely pay invoices in at least two separate email communications to Rip

Clayton." *Id.* (citing Young Decl. ¶¶ 4-6, ECF 15). The Court rejects this argument. The parties knew they had a dispute over performance under the contracts. Defendants sued first and promptly notified Plaintiffs of the lawsuit by email. After Plaintiffs received notice of the Tennessee Action, they filed a case in Oregon that (as discussed below) is substantially similar to the Tennessee Action. Plaintiffs acknowledge that while some district courts have declined to apply the first-filed rule when only a few hours separate the filings, others have done so. *See* Pl. Resp. 7. The considerations underlying the first-to-file rule—comity, efficiency, and judicial economy—apply here even if the filings are separated by only a few hours. This factor favors applying the first-to-file rule.

## II. Similarity of Parties

The parties in the two suits are substantially similar. Page One and Todd Young, LLC, are parties in both the Tennessee Action and the Oregon Action. Defendant Clayton is not a party to the Tennessee Action, but in the Oregon Action, he is sued in his role as CEO of Page One for the same underlying conduct. As Defendants point out, the Amended Complaint alleges that Page One contracted for services from Young LLC, and in the alternative that Defendant Clayton contracted for services to be performed by Plaintiffs. Def. Mot. 5 (citing Am. Compl. ¶ 10). The addition of Defendant Clayton as a party does not substantially change the lawsuit. Likewise, the addition of Todd Young the individual as a Plaintiff in the Oregon Action does not substantially change the lawsuit because, again, the suit is based on the same underlying conduct. Plaintiffs argue that "it is in the interests of both parties to bring all claims arising from the same facts and circumstances." Pl. Resp. 9. Because the Court has the discretion to transfer the Oregon Action to the Middle District of Tennessee, rather than dismiss it, Plaintiffs' argument carries no weight.

All of the parties' rights can be adjudicated in the Middle District of Tennessee. This factor favors applying the first-to-file rule.

III.     **Similarity of Issues**

The two suits have substantially similar issues. Both center on performance under the contracts between the LLC and Page One. The contract claims in the two suits address the same issues. The Oregon Action does bring additional claims for misrepresentation and claims premised on the alternative theory that Plaintiff Young the individual was a misclassified employee. But as Defendants state, all of these claims arise out of the same core facts and circumstances. Def. Mot. 6. In the misrepresentation claims, Plaintiffs allege that they provided labor above and beyond the terms of the March Contract in reliance on Defendants' assurances that they would receive an equity interest in Page One. Am. Compl. ¶¶ 45-48, 50-51. In their wage and tax return claims, Plaintiffs allege in the alternative that Plaintiff Young was a misclassified employee, was not properly reported as an employee to the IRS, and did not receive the wages he was due based on the work he performed. *Id.* ¶¶ 53-55, 57, 59. While these claims rely on different legal theories, they rely on substantially the same facts. There is substantial overlap between the two lawsuits, and it would promote efficiency and judicial economy for them to be tried together. This factor also favors applying the first-to-file rule.

IV.     **Equitable Considerations**

Finally, Plaintiffs argue that even if all three factors favor applying the first-to-file rule, the Court should decline to apply it because of equitable concerns. Pl. Resp. 10. The Ninth Circuit has held that district courts may decline to apply the rule where there is bad faith, an anticipatory suit, or forum-shopping. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Plaintiffs do not argue that any of these factors apply. Instead, they argue that

"the individual litigants are absent from the Tennessee action and Plaintiff's claims and the March Contract sound in Oregon law." Pl. Resp. 10. Plaintiffs also state that "[t]here is a dispute over whether the first-filed action in Tennessee will be dismissed for want of jurisdiction over Todd Young, LLC." *Id.* at 11. The Court concludes that none of these circumstances presents a basis to decline to apply the first-to-file rule.

As to the absence of the individual litigants, Plaintiffs have not explained why they cannot continue to participate in the case if it is transferred to the Middle District of Tennessee. Defendants point out that if the Tennessee Action is not dismissed, the LLC can assert counterclaims when it files an answer and add the individuals as parties. Def. Reply 3, ECF 16. If the Oregon Action is transferred, the district court in the Middle District of Tennessee also has the discretion to consolidate the cases. *See* Fed. R. Civ. P. 42(a).

As to Plaintiffs' argument that their claims and the March Contract sound in Oregon law, Defendants correctly point out that "federal courts interpret and apply other states' law on a regular basis." Def. Reply 5-6. Allowing two suits to proceed based on interpretation of the same contract with respect to the same conduct, no matter which state's law applies, does not promote judicial efficiency.

Finally, the Court rejects Plaintiffs' argument that the first-to-file rule should not apply because there is a dispute over whether the Tennessee Action will be dismissed for lack of personal jurisdiction over the LLC. The docket for the Tennessee Action shows that the LLC's motion to dismiss was mooted based on the filing of an amended complaint. No new motion to dismiss is pending.[1] Plaintiffs have not convinced the Court that there is a likelihood of dismissal

---

[1] The district court presiding over the Tennessee Action previously continued the initial case management conference and reset it for August 12, 2024, based on the existence of the Oregon

in the Tennessee Action. Consistent with Ninth Circuit precedent, the Court makes allowances for any jurisdictional uncertainty by transferring this case rather than dismissing it. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991) (holding that district court should have stayed the second-filed action rather than dismissing it where there were serious doubts about the viability of the first-filed action).

Ultimately, the Oregon Action and the Tennessee Action center on the same core facts and are most efficiently adjudicated as one matter, and the Tennessee Action was filed first. The Court will therefore transfer this case to the Middle District of Tennessee.

## CONCLUSION

Defendants' Motion to Dismiss [8] is GRANTED IN PART. The Court directs the Clerk to transfer this case to the Middle District of Tennessee.

IT IS SO ORDERED.

DATED: June 18, 2024.

_____
MARCO A. HERNÁNDEZ
United States District Judge

---

Action and the then-pending motion to dismiss in the Tennessee Action. Order, ECF 17, *Page One, Inc. v. Todd Young, LLC*, 3:24-cv-00124 (M.D. Tenn. Apr. 24, 2024).

10 – OPINION & ORDER
Case 3:24-cv-00749    Document 19    Filed 06/18/24    Page 10 of 10 PageID #: 208